AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of California

Port Authority of Allegheny County Retirement & )
Disability Allowance Plan for Employees Represented )
by Local 85 of the Amalgamated Transit Union )
                Plaintiff                        )   Civil Action No. 08-CV-2046 MMC
v. )
L. Stephen Smith, et al. )
                Defendant

## Waiver of the Service of Summons

**To:** Stephen R. Basser, Barrack Rodos & Bacine
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from April 28, 2008_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date 5/5/08

                                                     */s/ Meredith N. Landy*
                                                   Signature of the attorney or unrepresented party

                                          Meredith N. Landy (Attorney for Mariann Byerwalter)
                                                           Printed name

                                          O'Melveny & Myers LLP
                                          2765 Sand Hill Road
                                          Menlo Park, CA 94025
                                                                  Address

                                          mlandy@omm.com
                                                                  E-mail address

                                          (650) 473-2600
                                                                 Telephone number

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

American LegalNet, Inc.
www.FormsWorkflow.com

E-filing

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of California

MMC

| SEE ATTACHMENT A | ) | CV 08    2046 |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| SEE ATTACHMENT B | ) | |
| Defendant | ) | |

**Summons in a Civil Action**

To: SEE ATTACHMENT B
    *(Defendant's name)*

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

STEPHEN R. BASSER
BARRACK, RODOS & BACINE
402 West Broadway, Suite 850
San Diego, CA 92101

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: APR 1 8 2008

*Deputy Clerk's signature*

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 03/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
       who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
       _____; or

    (4) returning the summons unexecuted to the court clerk on _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

ATTACHMENT A TO SUMMONS

THE PORT AUTHORITY OF ALLEGHENY COUNTY RETIREMENT AND DISABILITY ALLOWANCE PLAN FOR EMPLOYEES REPRESENTED BY LOCAL 85 OF THE AMALGAMATED TRANSIT UNION

ATTACHMENT B TO SUMMONS

L. STEPHEN SMITH, W. ROGER HAUGHTON, DAVID H. KATKOV, DONALD P. LOFE, JR., MARIANN BYERWALTER, DR. JAMES C. CASTLE, CARMINE GUERRO, WAYNE E. HEDIEN, LOUIS G. LOWER, II, RAYMOND L. OCAMPO JR., JOHN D. ROACH, DR. KENNETH T. ROSEN, STEVEN L. SCHEID, JOSE H. VILLARREAL, MARY LEE WIDENER, and RONALD H ZECH

        Defendants,

        and

PMI Group, Inc.,

        Nominal Defendant.