1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT

8
NORTHERN DISTRICT OF CALIFORNIA

9

10
THE PORT AUTHORITY OF ALLEGHENY )
COUNTY RETIREMENT AND

11
DISABILLITY ALLOWANCE PLAN FOR

12
EMPLOYEES REPRESENTED BY
LOCAL 85 OF THE AMALGAMATED

13
TRANSIT UNION,

14
          Plaintiff,

15
     v.

16
L. STEPHEN SMITH, et al.,

17
          Defendants,

18
     -and-

19
THE PMI GROUP, INC.,

20
          Nominal Defendant.

21

Case No.: 3:08-cv-02046-SI

**[PROPOSED] PRELIMINARY
APPROVAL OF SETTLEMENT AND
PROCEDURAL ORDER**


Judge: Honorable Susan Illston

22

23

24

25

26

27

28

1    WHEREAS, the Plaintiff moved, pursuant to Federal Rule of Civil Procedure 23.1, for an

2    order approving the settlement (the "Settlement") of: (i) the above-entitled action ("Federal

3    Derivative Action"); and (ii) *Torres v. Smith et al.,* Civil Action No. 08-01068 pending in the

4    California Superior Court for Contra Costa County (the "State Derivative Action," and

5    collectively with the Federal Derivative Action, the "Actions") in accordance with the

6    Stipulation and Agreement of Settlement dated March 11, 2011 (the "Settlement Agreement").

7    The Settlement Agreement and the Exhibits annexed thereto, sets forth the terms and conditions

8    for the proposed Settlement of the Actions and for dismissal of the Actions with prejudice upon

9    the terms and conditions set forth therein;

10    WHEREAS, for purposes of this preliminary approval order (the "Order"), all capitalized

11    terms contained herein shall have the same meanings as set forth in the Settlement Agreement (in

12    addition to those capitalized terms defined herein); and

13    WHEREAS, the Court having read and considered the Settlement Agreement and the

14    Exhibits annexed thereto:

15    **NOW THEREFORE, IT IS HEREBY ORDERED:**

16    1.    The Court preliminarily approves the Settlement of the Actions as set forth in the

17    Settlement Agreement, as modified by this Order where applicable, subject to the right of any

18    current PMI shareholder as of March 11, 2011 ("Current PMI Shareholder" or "Current PMI

19    Shareholders") to challenge the fairness, reasonableness, and adequacy of the Settlement

20    Agreement, and show cause, if any exists, why a final judgment dismissing the Federal

21    Derivative Action based on the terms set forth in the Settlement Agreement should not be

22    ordered herein after due and adequate notice to Current PMI Shareholders has been given in

23    conformity with this Order.

24    2.    A hearing (the "Settlement Hearing") shall be held before this Court on May 20,

25    2011 at 9:00 a.m. or as soon thereafter as counsel may be heard in the courtroom of the

26    Honorable Susan Illston of the United States District Court for the Northern District of

27

28    - 1 -

Case3:08-cv-02046-SI   Document60   Filed04/01/11   Page3 of 7

1   California, Courtroom 10, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102 to

2   determine: (i) whether the proposed Settlement of the Actions as set forth in the Settlement

3   Agreement, should be approved in all respects as fair, reasonable, and adequate; (ii) whether the

4   Final Order and Judgment approving the Settlement should be entered; and (iii) whether

5   Plaintiff's Counsel's agreed-to fee award should be approved.   The Court may adjourn or

6   continue the Settlement Hearing without further notice to Current PMI Shareholders.

7          3.      The Court approves, as to form and content, (i) the Publication Notice of

8   Pendency of Settlement of Derivative Litigation (the "Notice") substantially in the form of

9   Exhibit B attached to the Settlement Agreement, for filing with the U. S. Securities and

10  Exchange Commission ("SEC") via a Form 8-K; and (ii) the Summary Publication Notice of

11  Pendency of Settlement of Derivative Litigation (the "Summary Notice"), substantially in the

12  form of Exhibit B-1 attached to the Settlement Agreement, for publication in the *Investor's*

13  *Business Daily*,, on the terms described below.

14         4.      Not later than April 11, 2011, PMI shall cause the Summary Notice to be

15  published once in the *Investor's Business Daily* and cause a copy of the Notice to be filed with

16  the SEC via a Form 8-K.

17         5.      PMI shall be solely responsible for, and shall cause to be paid, any costs

18  associated with publication of the Summary Notice and filing of the Notice.

19         6.      The Court finds that dissemination of the Notice and Summary Notice in the

20  manner required by the Settlement Agreement constitutes the best notice practicable under the

21  circumstances to Current PMI Shareholders and meets the requirements of applicable law and

22  due process under the United States Constitution, and shall constitute due and sufficient notice to

23  all Persons entitled thereto.

24         7.      PMI shall file with the Court and serve upon all parties no later than ten (10) days

25  prior to the Settlement Hearing an affidavit or declaration describing the efforts taken to comply

26

27

28                                          - 2 -

Case3:08-cv-02046-SI   Document60   Filed04/01/11   Page4 of 7

with the notice provisions of this Order and stating that the publication of the Summary Notice and filing of the Notice have been completed in accordance with the terms of this Order.

8.     Any Current PMI Shareholder who objects to the Settlement of the Actions shall have a right to appear and be heard at the Settlement Hearing.  Any Current PMI Shareholder may enter an appearance through counsel of their own choosing at their own expense or may appear on their own.  However, no Current PMI Shareholder shall be heard at the Settlement Hearing unless, no later than May 6, 2011, such Person has: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of PMI stock through the date of the Settlement Hearing, including the number of shares of PMI stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current PMI Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b)  a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and the subjects of their testimony.  If a Current PMI Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following thereof:

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
600 West Broadway, Suite 900
San Diego, CA 92101

*Lead Counsel and Counsel for
Plaintiff The Port Authority of
Allegheny County Retirement and
Disability Allowance Plan for
Employees Represented by Local 85
of the Amalgamated Transit Union*

O'MELVENY & MYERS LLP
MEREDITH N. LANDY
2765 Sand Hill Road
Menlo Park, California 94025

O'MELVENY & MYERS LLP
GEORGE A. RILEY
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

*Counsel for Defendants L. Stephen Smith, W.
Roger Haughton, David H. Katkov, Donald*

- 3 -

ROBBINS UMEDA LLP
MARC UMEDA
600 B Street, Suite 1900
San Diego, CA 92101

*P. Lofe, Jr., Mariann Byerwalter, Dr. James C. Castle, Carmine Guerro, Wayne E. Heiden, Louis G. Lower, II, Raymond L. Ocampo, Jr., John D. Roach, Dr. Kenneth T. Rosen, Steven L. Scheid, Jose H. Villarreal, Mary Lee Widener, and Ronald H. Zech*

HOLZER HOLZER & FISTEL, LLC
MICHAEL I. FISTEL, JR.
200 Ashford Center North, Suite 300
Atlanta, GA 30338

*Counsel for Plaintiff Jorge Torres*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

CLERK OF THE COURT
United States District Court
Northern District Of California
450 Golden Gate Ave.
San Francisco, CA 94102

Any Current PMI Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and shall otherwise be bound by the judgment to be entered and the releases to be given.

9.      The manner in which a notice of objection must be prepared, filed, and delivered shall be stated in the Notice and Summary Notice.  Only Current PMI Shareholders who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

10.     All PMI shareholders shall be bound by all orders, determinations, and judgments in the Actions concerning the Settlement, whether favorable or unfavorable to PMI shareholders.

11.     No later than April 29, 2011, all briefs supporting the Settlement, including the Fee Award, shall be served and filed.  The parties may supplement their briefs supporting the Settlement and the Fee Award to address shareholder objections, if any.  Any such supplemental brief must be filed and served no later than May 13, 2011.

-4-

12.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind, or by Plaintiffs or any PMI shareholder of the merit of any defense or lack of merit of any claim.

13.     Pending final determination of whether the Settlement should be approved, neither Plaintiff, PMI, nor any PMI shareholders shall commence, maintain, or prosecute against any of the Defendants, whether directly or derivatively on behalf of PMI, any action or proceeding in any court or tribunal asserting any of the Released Claims.  In addition, upon entry of this Order, all proceedings and further activity between the Parties in the Federal Derivative Action, except for those relating to the Settlement, shall be stayed pending the Court's approval of the Settlement and entry of the Final Order and Judgment.

14.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Current PMI Shareholders and may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current PMI Shareholders.

**IT IS SO ORDERED.**

Dated: 4 / 1 / 11                     By: _____
                                          HONORABLE SUSAN ILLSTON
                                          UNITED STATES DISTRICT JUDGE

Submitted by:

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
600 West Broadway, Suite 900
San Diego, CA 92101

*Lead Counsel and Counsel for Plaintiff The Port Authority
of Allegheny County Retirement and Disability
Allowance Plan for Employees Represented by Local 85
of the Amalgamated Transit Union*

- 5 -

1  ROBBINS UMEDA LLP
   MARC UMEDA
2  600 B Street, Suite 1900
3  San Diego, CA 92101
   HOLZER HOLZER & FISTEL, LLC
4  MICHAEL I. FISTEL, JR.
   200 Ashford Center North, Suite 300
5  Atlanta, GA 30338

6  *Counsel for Plaintiff Jorge Torres*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
- 6 -

CASE NO. 3:08-cv-02046
[PROPOSED] PRELIMINARY APPROVAL OF
SETTLEMENT AND PROCEDURAL ORDER